IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY,<br><br>Plaintiff,<br><br>vs.<br><br>WEST GATE BANK, et al.,<br><br>Defendants. | 8:20CV138<br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court for an initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

    Plaintiff's claims concern his bank's handling of two disputed debit card transactions with Walmart.com. Defendant West Gate Bank ("WGB") is a state-chartered bank headquartered in Lincoln, Nebraska. Also named as Defendants are a WGB branch manager, WGB's Dispute Processing Center ("DPC") in Columbus, Ohio, and two DPC employees.

    The first transaction occurred on February 7, 2020, and was in the amount of $131.26. On March 16, 2020, WGB notified Plaintiff that the merchant had issued him a full credit, and because WGB's DPC had previously credited his account for $13.48 as a result of this transaction, his account would now be debited for $13.48 and the dispute case would be closed. Plaintiff denies that Walmart.com refunded the $13.48.

    The second transaction occurred on February 14, 2020, and was in the amount of $45.34. On March 4, 2020, WGB notified Plaintiff that the merchant had issued a credit of $5.27, and inquired whether he wished to dispute the balance of $40.07.

In a follow-up letter on March 16, 2020, WGB requested a description of the exact amount in dispute and indicated its investigation would be completed if no response was received within 7 days. Plaintiff denies that Walmart.com credited him with $5.27, and apparently disputes the full amount of the charge.

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION OF CLAIMS

As part of its initial review, this court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction of the federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332.

Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009).

Subject-matter jurisdiction under 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, is proper when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The necessary diversity of citizenship can be between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2). In addition, the amount in controversy in an action brought under "diversity of citizenship" jurisdiction must be greater than $ 75,000.00. 28 U.S.C. § 1332(a).

The allegations of Plaintiff's Complaint do not present a "federal question," nor does Plaintiff allege that he is a citizen of a different state than each Defendant. Although Plaintiff requests damages of $500,000.00 from each Defendant "for retaliation and no probable cause to make such transactions/refusal of such transactions," the actual amount in controversy is only $58.82.[1] Thus, it appears subject matter jurisdiction is lacking.

However, on the court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that sets forth the basis for the court's jurisdiction. If

---

[1] A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 977 (8th Cir. 2016) (quoting *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC*, 620 F.3d 926, 931 (8th Cir. 2010)).

an amended complaint is filed within 30 days, the court will conduct another initial review. Otherwise this action will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this matter: June 29, 2020—Deadline for Plaintiff to file amended complaint.

Dated this 29th day of May, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge